IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY MICHAEL OTT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | Civil Action No. 3:03-CV-2657-L |
| | § | (consolidated with 3:03-CV-2664-L) |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. §636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On May 25, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed, to which Petitioner filed objections on June 3, 2005.

### I. Relevant Background

A jury found Petitioner Jeffrey Michael Ott ("Petitioner") guilty of two counts of aggravated robbery based on a robbery at knife-point committed by Petitioner and his accomplice, Christopher Grindele, on October 27, 1999. The jury assessed his punishment at thirty-five years confinement for each offense, to be served concurrently. After exhausting his state court remedies, Petitioner filed two federal petitions for the writ of habeas corpus in this judicial district on October 27, 2003. The court consolidated these two petitions.

**Memorandum Opinion and Order – Page 1**

## II.  The Magistrate Judge's Findings

Title 28 U.S.C. § 2254(d) provides that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Petitioner raised seven issues in his petition:

1.    The trial court erred by admitting the impermissibly suggestive photo lineup without conducting a hearing.

2.    Martin's in-court identification should have been excluded because it was tainted by the photo lineup.

3.    The State engaged in prosecutorial misconduct.

4.    The State withheld *Brady* evidence.

5.    Trial counsel was constitutionally ineffective.

6.    The evidence was legally insufficient to show the knife was a deadly weapon.

7.    [Petitioner] is actually innocent.

*See* May 25, 2005 Findings, Conclusions and Recommendation of the United States Magistrate Judge at 3 (hereinafter "Findings").  After considering each of Petitioner's claims and the standards set forth in § 2254 which must be met before a writ of habeas corpus may be granted, the magistrate judge found that:

> Ott is lawfully restrained because he has failed to prove that he has
> been denied a constitutionally protected interest.  Accordingly, the
> state courts' determination that Ott was not entitled to relief is not
> contrary to or does not involve an unreasonable application of clearly
> established federal law and is not based on an unreasonable
> determination of the facts in light of the evidence presented in the
> state court proceedings.

Findings at 13-14.  Based on these findings, the magistrate judge recommended that the petition be

denied.  *Id.* at 14.

### III.  Petitioner's Objections

Petitioner makes two objections to the magistrate judge's findings.  Petitioner first objects

"to the magistrate not taking into account the sworn under oath statement of the co-defendant,

Christopher Grindele."  Objections at 1.  Petitioner is referring to an affidavit signed on December

2, 2003 by Petitioner's co-defendant Christopher Grindele ("Grindele Aff."), attached as Exhibit 4a

to Petitioner's "Submission of Evidence While Adding Our Innocence Claim."   The Affidavit

states:

> 1. I am the co-defendant in the aggravated robbery charges that Jeffrey Michael Ott
> has been convicted of;
>
> 2. I did give an oral confession to detective Sims that claimed that the robberies were
> committed by me and a guy named "Mike." Not Jeffrey Michael Ott.
>
> 3. I did plead guilty to these same crimes months before Jeffrey Michael Ott went to
> Trial, and I was available to testify at the Trial but not called.  I subsequently
> received a six (6) year sentence.

The magistrate judge had no need to consider the Grindele Affidavit, which Petitioner

attached as Exhibit 4a to his "Submission of Evidence While Adding Our Innocence Claim" as

evidence of his actual innocence, because he found that Petitioner's "actual-innocence claim is not

cognizable" on federal habeas corpus, but "properly raised in either the state habeas process or in

the executive clemency process." Findings at 13. The magistrate judge is correct. As stated by the Fifth Circuit, "it is the law of this circuit that the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Robinson v. Johnson*, 151 F.3d 256, 267 and n.7 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999) (citation omitted); *Jacobs v. Scott*, 31 F.3d 1319, 1324 (5th Cir. 1994), *cert. denied*, 513 U.S. 1067 (1995) (same); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir.), *cert. dismissed*, 524 U.S. 965 (1998) (same). In *Bryant v. Scott*, 28 F.3d 1411, 1420 n.14 (5th Cir. 1994), the petitioner argued that the district court erred in refusing to grant relief on the basis of his actual innocence claim. The court held petitioner's actual innocence claim to be without merit, stating:

> In *Herrera v. Collins*, 954 F.2d 1029 (5th Cir. 1992), we considered whether two newly discovered affidavits supported petitioner's claim of actual innocence in a capital murder case. We held that it "is well established that claims of newly discovered evidence, casting doubt on the petitioner's guilt, are not cognizable in federal habeas corpus." *Id.* at 1034. The Supreme Court has affirmed our decision, stating that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief . . . ." *Herrera v. Collins*, [506 U.S. 390, 400] (1993).

*Id.* Petitioner's freestanding actual-innocence claim, which he attempts to support with the December 2, 2003 Grindele Affidavit, is not cognizable as a ground for federal habeas relief. Thus, the magistrate judge did not err in failing to explicitly consider the Grindele Affidavit submitted in support thereof. Accordingly, the court **overrules** Petitioner's first objection to the findings of the magistrate judge.

Petitioner's second objection is to "the magistrate perpetuating the state's erroneous ruling that 'the police report narrative to Grindele's statement was inadmissible hearsay and could not have been relied on by the State.'" Objections at 6 (quoting Findings at 7). Petitioner's objection relates

to his allegations of prosecutorial misconduct arising from Detective Sims's testimony at trial that there was no other evidence, other than Petitioner's testimony, that another individual (other than Petitioner and Grindele) was present at the time of the robbery.  *See id.* at 6; *see also* Memorandum of Law in Support of § 2254 Petition for the Writ of Habeas Corpus at 22 ("Pet. Memo").  Petitioner contends that Detective Sims, when questioned by the prosecutor about the existence of any evidence uncovered in his investigation that corroborated Petitioner's claim that someone else was at the scene of the offense, failed to testify that Grindele, in a confession, had told him that another individual named "Mike" was present at the time of the offense.  The supplemental police report stated that "Grindele was interviewed and gave an oral confession to this and several other theft and burglary offenses.  Grindele also stated that a guy named Mike was with him at the time of the offense."  *See* Pet. Memo at 23.  In rejecting Petitioner's prosecutorial misconduct claims regarding Detective Sims's testimony and the contents of the supplemental police report, the magistrate judge stated:

> As pointed out by the State in its response to Ott's state habeas applications and as relied on by the state courts in denying Ott state habeas relief, the police report narrative relative to Grindele's statement was inadmissible hearsay and could not have been relied on by the State.  (1 State Habeas R. at 533, 556; 2 State Habeas R. at 511, 533).

Findings at 7.  The court agrees with the magistrate judge.  *See* Tex. R. Evid. 802.  Moreover, as properly noted by the magistrate judge, Petitioner has not met his burden of proof that the State knowingly presented materially false evidence to the jury or allowed untrue testimony to go uncorrected.  *See* Findings at 7.  *See generally United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989) (omission of certain facts from reports and written statements of State's witness not adequate to put prosecution on notice of perjury or to establish perjury).  Finally, Petitioner has

failed to show that Detective Sims's testimony, had it included Grindele's statement that "a guy named Mike" was present at the time of the offense, was material, that is, that it "would have affected the outcome of the trial." *Giglio v. United States*, 405 U.S. 150, 153 (1972); *see also May v. Collins*, 955 F.2d 299, 315 (5th Cir.), *cert. denied*, 504 U.S. 901 (1992), *superseded by statute on other grounds as stated in Duncan v. Cockrell*, 2003 Wl 21545926 (5th Cir. July 3, 2003).  This is especially true in light of the fact that Petitioner's version of the events, namely that Grindele and possibly someone else committed the offense, was before the fact finder.  *See Ott v. State*, Nos. 05-00-01840-CR, 05-00-01841 (Tex. App.–Dallas 2002, pet. ref'd), 2002 WL 55551 at *2 (Jan. 16, 2002).  Accordingly, the court **overrules** Petitioner's second objection to the magistrate judge's Findings.

## IV.  Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and Petitioner's objections thereto, the court determines that the findings and conclusions are correct.  The magistrate judge's findings and conclusions are accepted as those of the court.  Accordingly, Petitioner's petition for habeas corpus is hereby **denied**, and this action is **dismissed with prejudice**.

**It is so ordered** this 24th day of June, 2005.

Sam A. Lindsay
United States District Judge