IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY MICHAEL OTT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | Civil Action No. 3:03-CV-2657-L |
| | § | (consolidated with 3:03-CV-2664-L) |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Petitioner's Request for Reconsideration (or in the alternative) Notice of Appeal with Request for [Certificate of Appealability], filed July 8, 2005 ("Petitioner's Request for Reconsideration") and Motion for Hearing/Ruling on Pending Motion for Reconsideration, filed August 12, 2005.[1]  Petitioner seeks reconsideration of the court's Memorandum Opinion and Order and Judgment, both issued June 24, 2005, wherein the court, after considering Petitioner's Objections to the May 25, 2005 Findings, Conclusions and Recommendation of the United States Magistrate Judge (the "Findings and Recommendations"), overruled the objections, accepted the Findings and Recommendations as those of the court, and accordingly denied Petitioner's application for writ of habeas corpus and dismissed this action with prejudice.  *See* Memorandum

---

[1]A jury found Petitioner Jeffrey Michael Ott ("Petitioner") guilty of two counts of aggravated robbery based on a robbery at knife-point committed by Petitioner and his accomplice, Christopher Grindele, on October 27, 1999. The jury assessed his punishment at thirty-five years confinement for each offense, to be served concurrently.  After exhausting his state court remedies, Petitioner filed two federal petitions for writ of habeas corpus in this judicial district on October 27, 2003.  The court consolidated these two petitions.  *See* Consolidation Order (3:03-CV-2657  April 29, 2004).

**Memorandum Opinion and Order – Page 1**

Opinion and Order and Judgment (June 24, 2005).  Alternatively, Petitioner requests that the court

issue him a certificate of appealability.[2]   Having considered Petitioner's Request for

Reconsideration, the record, and applicable authority, the court grants Petitioner's Request for

Reconsideration, and denies as moot Petitioner's alternative Notice of Appeal with Request for

[Certificate of Appealability] and Petitioner's Motion for Hearing/Ruling on Pending Motion for

Reconsideration.

## I.       Petitioner's Request for Reconsideration

### A.       Legal Standard

The court treats Petitioner's Request for Reconsideration as a motion to alter or amend the

judgment under Fed. R. Civ. P. Rule 59(e), as Petitioner filed his Request for Reconsideration within

the 10-day time period under Rule 59(e).  "Motions for a new trial or to alter or amend a judgment

must clearly establish either a manifest error of law or fact or must present newly discovered

evidence."  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted).  Such

motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction.

*Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).  A Rule 59 motion may

not be used to relitigate old matters, raise arguments, or present evidence that could have been raised

prior to entry of judgment.  *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-

28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159.  With respect to newly discovered evidence, a

court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of

such a nature that they would probably change the outcome; (2) the alleged facts are actually newly

---

[2]On July 26, 2005, Petitioner filed a Notice of Appeal to the Fifth Circuit Court of Appeals regarding the court's June 24, 2005 Memorandum Opinion and Order and Judgment.  By order dated August 12, 2005, the Fifth Circuit dismissed Petitioner's appeal for lack of jurisdiction, in light of Petitioner's Request for Reconsideration filed with this court on July 8, 2005.

discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### B.     Petitioner's Grounds for Reconsideration

Petitioner seeks reconsideration of the court's Memorandum Opinion and Order and Judgment, both issued June 24, 2005, wherein the court, after considering Petitioner's objections to the magistrate judge's Findings and Recommendations, overruled the objections, accepted the Findings and Recommendations as those of the court, and accordingly denied Petitioner's application for writ of habeas corpus and dismissed this action with prejudice.

In support of his motion, Petitioner contends that the court erred in accepting the magistrate judge's Findings and Recommendations, as the magistrate judge failed to consider an affidavit signed on December 2, 2003 by Petitioner's co-defendant Christopher Grindele ("Grindele Affidavit"), attached as Exhibit 4a to Petitioner's "Submission of Evidence While Adding Our Innocence Claim," filed-stamped by the district court on February 10, 2004 (and placed in the mails by Petitioner on January 30, 2004). As already set forth in the court's June 24, 2005 Memorandum Opinion and Order, Grindele states in his affidavit:

> 1. I am the co-defendant in the aggravated robbery charges that Jeffrey Michael Ott has been convicted of;

**Memorandum Opinion and Order – Page 3**

2. I did give an oral confession to detective Sims that claimed that the robberies were committed by me and a guy named "Mike." Not Jeffrey Michael Ott.

3. I did plead guilty to these same crimes months before Jeffrey Michael Ott went to Trial, and I was available to testify at the Trial but not called.  I subsequently received a six (6) year sentence.

Specifically, Petitioner argues that the court should not have accepted the magistrate judge's Findings and Recommendations, since the magistrate judge did not consider the Grindele Affidavit with regard to Petitioner's habeas claims of: (1) trial error in admitting an impermissibly suggestive photo lineup; (2) prosecutorial misconduct; (3) *Brady* violations; (4) ineffective assistance of counsel; and (5) actual innocence.[3]  Petitioner is correct that the magistrate judge did not consider Christopher Grindele's affidavit in his Findings and Recommendations with regard to Petitioner's claims pertaining to the photo lineup, prosecutorial misconduct, *Brady* violations and ineffective assistance of counsel.  As to Petitioner's added claim of actual innocence, though not explicitly referring to the Grindele Affidavit, the magistrate judge did consider Petitioner's "Submission of Evidence While Adding Our Innocence Claim" with regard to Petitioner's actual innocence claim, and summarily rejected the actual innocence claim.  *See* Findings and Recommendation at 13 ("Actual innocence based on new evidence relevant to the guilt of a state prisoner is not cognizable on federal habeas corpus absent an independent constitutional violation occurring in the state trial.") (citations omitted).[4]

---

[3]Presentation of the signed, sworn Grindele Affidavit with the federal habeas petition is permitted, as the Grindele Affidavit supplements the claims Petitioner already presented to the state court, and does not fundamentally alter them.  *See Anderson v. Johnson*, 338 F.3d 382, 386-87 (5th Cir. 2003) ("dismissal is not required when evidence presented for the first time in a habeas proceeding *supplements*, but does not *fundamentally alter*, the claim presented to the state courts.") (original emphasis).

[4]The court notes that confusion relating to the Grindele Affidavit stems in part from the title of the document to which the Grindele Affidavit is attached, namely "Submission of Evidence while Adding Our Claim of Innocence." Further confusion arises from the fact that Petitioner filed two federal habeas petitions in the Northern District of Texas (3:03-cv-2664-G) and this case (3:03-CV-2657-L).   By order dated April 29, 2004, these two cases were consolidated

## II.     Conclusion

Based on the foregoing, the court **grants** Petitioner's Request for Reconsideration and accordingly **vacates** its Memorandum Opinion and Order and Judgment, issued June 24, 2005. The court **directs** the clerk of the court to **reopen** this case. Further, the court **recommits** this matter to the United States magistrate judge with instructions to consider the affidavit signed on December 2, 2003 by Petitioner's co-defendant Christopher Grindele, attached as Exhibit 4a to Petitioner's "Submission of Evidence While Adding Our Innocence Claim," specifically with regard to Petitioner's habeas claims relating to: (1) error in admitting an impermissibly suggestive photo lineup; (2) prosecutorial misconduct; (3) *Brady* violations; (4) ineffective assistance of counsel; and (5) actual innocence claims. Finally, in light of the court's decision granting Petitioner's Request for Reconsideration, the court **denies as moot** Petitioner's Alternative Notice of Appeal with Request for [Certificate of Appealability] and **denies as moot** Petitioner's Motion for Hearing/Ruling on Pending Motion for Reconsideration.

**It is so ordered** this 17th day of November, 2005.

Sam A. Lindsay
United States District Judge

---

as 3:03-CV-2657-L. The Grindele Affidavit originally attached to the habeas petitions was unsworn and unsigned. Therefore, in Respondent's Answer, the Respondent gave it only cursory consideration as an unsigned and unsworn affidavit and only addressed it in connection with Petitioner's claim of actual innocence. *See* Respondent's Answer and Brief in Support at 25.

**Memorandum Opinion and Order – Page 5**