IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY MICHAEL OTT, § | |
| § | |
| Petitioner, § | |
| § | |
| § | Civil Action No. 3:03-CV-2657-L |
| § | (consolidated with 3:03-CV-2664-L) |
| § | |
| NATHANIEL QUARTERMAN,[1] Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Divisions, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

This is a habeas case brought under 28 U.S.C. § 2254. Before the court are: the May 25, 2005 Findings, Conclusions and Recommendation of the United States Magistrate Judge and Petitioner's June 3, 2005 objections; and the June 12, 2006 Supplemental Findings, Conclusions and Recommendation of the United States Magistrate Judge and Petitioner's June 27, 2006 objections. Prior to analyzing the magistrate judge's two sets of findings, conclusions and recommendations and Petitioner's objections to them, an understanding of the facts and procedural background of the case is necessary.

### I.   Relevant Procedural Background and History

A jury found Petitioner Jeffrey Michael Ott ("Petitioner" or "Ott") guilty of two counts of aggravated robbery, based on a robbery at knife-point committed by Petitioner and his accomplice,

---

[1]The previously named respondent in this action was Douglas Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Dretke as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Fed. R. Civ. P., Nathaniel Quarterman "is automatically substituted as a party." The clerk of court is **directed** to reflect this change on the docket sheet of this action.

**Memorandum Opinion and Order – Page 1**

Christopher Grindele ("Grindele") on October 27, 1999. The jury assessed Petitioner's punishment at thirty-five years confinement for each offense, along with a $1000 fine. After exhausting his state court remedies, Petitioner filed two federal petitions for writ of habeas corpus in this judicial district on October 27, 2003. The court consolidated these two petitions. Petitioner raises the following grounds for habeas relief:

1. The trial court erred by admitting the impermissibly suggestive photo lineup without conducting a hearing.

2. An in-court identification by one of the victims should have been excluded because it was tainted by the photo lineup.

3. The State engaged in prosecutorial misconduct when it sponsored the purportedly suggestive photo lineup, and misled the jury through perjured testimony.

4. The State withheld *Brady* evidence by suppressing certain statements of Petitioner's co-Defendant Christopher Grindele.

5. Trial counsel was constitutionally ineffective for failing to adequately investigate and discover certain statements to police by Petitioner's co-Defendant Christopher Grindele, and by failing to call Grindele as a witness.

6. The evidence was legally insufficient to show the knife was a deadly weapon.

7. [Petitioner] is actually innocent.[2]

Pursuant to 28 U.S.C. §636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On May 25, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed (hereinafter "May 25, 2005 Findings"), in which he recommended that the petition for writ of habeas corpus be denied. Petitioner filed objections on June 3, 2005. On June 24, 2005,

---

[2]Petitioner added his "actual innocence" claim on February 10, 2004 in a document titled "Submission of Evidence While Adding Our Innocence Claim."

**Memorandum Opinion and Order – Page 2**

the district court issued a memorandum opinion and order accepting the findings of the magistrate judge and overruling Petitioner's objections. *See* Mem. Op. & Ord. (June 24, 2005). That same day, the court issued a judgment denying Petitioner's writ of habeas corpus and dismissing the case with prejudice. *See* Judgment (June 24, 2005).

On July 28, 2005, Petitioner filed a motion for reconsideration, arguing that the court should not have accepted the May 25, 2005 Findings since the magistrate judge did not consider a declaration signed on December 2, 2003 by Petitioner's co-defendant Grindele ("Grindele Declaration"), which he had attached as Exhibit 4a to Petitioner's "Submission of Evidence While Adding Our Innocence Claim," filed on February 10, 2004. The Grindele Declaration states:

> 1. I am the co-defendant in the aggravated robbery charges that Jeffrey Michael Ott has been convicted of;
>
> 2. I did give an oral confession to detective Sims that claimed that the robberies were committed by me and a guy named "Mike." Not Jeffrey Michael Ott.
>
> 3. I did plead guilty to these same crimes months before Jeffrey Michael Ott went to Trial, and I was available to testify at the Trial but not called. I subsequently received a six (6) year sentence.

Specifically, Petitioner complained that the magistrate judge (and this court in accepting the findings and recommendations), failed to consider the Grindele Declaration with regard to Petitioner's habeas claims of: (1) trial error in admitting an impermissibly suggestive photo lineup; (2) prosecutorial misconduct; (3) *Brady* violations; (4) ineffective assistance of counsel; and (5) actual innocence. The court granted the motion to reconsider, determining that the magistrate judge had not considered the Grindele Declaration with regard to certain of Petitioner's habeas claims, and recommitted the matter to the magistrate judge with instructions to consider the Declaration as it related to Petitioner's habeas claims of: (1) trial error in admitting an impermissibly suggestive

**Memorandum Opinion and Order – Page 3**

photo lineup; (2) prosecutorial misconduct; (3) *Brady* violations; (4) ineffective assistance of counsel; and (5) actual innocence. *See* Mem. Op. & Ord. at 5 (Nov. 17, 2005). In light of its decision to grant the motion to reconsider, the court vacated its June 24, 2005 Memorandum Opinion and Order and Judgment.

On June 12, 2006, the magistrate judge issued his Supplemental Findings, Conclusions and Recommendation (hereinafter "June 12, 2006 Findings"), in which he considered the Grindele Declaration, and ultimately reached the same conclusions and recommendations as in his May 25, 2005 Findings, namely, that the petition for writ of habeas corpus should be denied. On June 26, 2006, Petitioner filed objections to the June 12, 2006 Findings. The court will first summarize the May 25, 2005 Findings and June 12, 2006 Findings and then address Petitioner's objections.

## II. The Magistrate Judge's Findings

### A. May 25, 2005 Findings

In his May 25, 2005 Findings, the magistrate judge carefully considered the seven claims raised by Petitioner in his application for writ of habeas corpus (*see supra*), and analyzed their legal viability under 28 U.S.C. § 2254(d), which provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**Memorandum Opinion and Order – Page 4**

28 U.S.C. § 2254(d). After considering each of Petitioner's claims under § 2254(d), the magistrate judge found that:

> Ott is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Ott was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

*Id.* at 13-14. Based on these findings, the magistrate judge recommended that the petition be denied. *Id.* at 14.

### B. June 12, 2006 Findings

After the court recommitted this matter to the magistrate judge, he filed his June 12, 2006 Findings, in which he analyzed the Grindele Declaration in relation to Petitioner's habeas claims of: (1) trial error in admitting an impermissibly suggestive photo lineup; (2) prosecutorial misconduct; (3) *Brady* violations; and (4) ineffective assistance of counsel. In addition to referring to his May 25, 2005 Findings wherein he analyzed each claim and recommended dismissal (*see supra*), the magistrate judge followed the court's instructions and considered the Grindele Declaration as it related to certain of Petitioner's habeas claims.

As to Petitioner's claim that the trial court erred in admitting an impermissibly suggestive photo lineup, the Petitioner in his initial objections argued that the Grindele Declaration was relevant to this claim because if the trial court had known of the Declaration, the court's confidence in the identification of Petitioner would have been undermined. The magistrate judge rejected this argument since the "declaration was not created until approximately three years after the trial[.]" *See* June 12, 2006 Findings at 3.

**Memorandum Opinion and Order – Page 5**

As to Petitioner's claims of prosecutorial misconduct, Petitioner claimed that the prosecutor had elicited perjured testimony from Officer Sims and that Officer Sims's police report included statements from Grindele suggesting that Petitioner was not involved in the crime. Specifically with regard to the Grindele Declaration, the magistrate judge rejected Petitioner's contention that it bolstered his prosecutorial misconduct claim, because Officer Sims and/or the prosecutor "could not have any knowledge of the Grindele declaration at the time of trial, since it was created after the trial concluded." *Id.* For this reason, and for the reasons stated in his May 25, 2005 Findings, the magistrate judge recommended that this claim be denied. *Id.*

As to Petitioner's claims that the prosecution violated *Brady* by suppressing Grindele's statements contained in a police report, the magistrate judge explained that the Grindele Declaration was not discussed in his May 25, 2005 Findings because Petitioner did not claim that the Grindele declaration was suppressed and the declaration was not in existence at the time of trial. *Id.* For those reasons, and for the reasons stated in his May 25, 2005 Findings, the magistrate judge recommended that this claim be denied. *Id.*

As to Petitioner's ineffective assistance of counsel claim, Petitioner claimed that trial counsel was constitutionally ineffective for failing to adequately investigate and discover certain statements made to police by Grindele, and for failing to call Grindele as a witness. In his May 25, 2005 Findings, the magistrate judge recommended that this claim be denied, since an affidavit submitted by counsel for Defendant stated that, if called to testify, Grindele would have stated that he made up the story about Ott not being involved in the robberies. *See* Ex Parte Ott, Application No. 56,659-02, at 534-35. The magistrate judge explained that he did not address the Grindele Declaration in his May 25, 2005 Findings because, "contrary to Petitioner's assertions, the

**Memorandum Opinion and Order – Page 6**

declaration and defense counsel's affidavit do not contradict each other." *Id.* at 5.  As pointed out by the magistrate judge, Grindele never stated in his Declaration that he would have testified at trial that Ott was not involved in the robberies.  For those reasons, and for the reasons stated in his May 25, 2005 Findings, the magistrate judge recommended that this claim be denied. *Id.*

### C. Petitioner's Objections

#### 1. Objections to May 25, 2005 Findings

Petitioner made two objections to the May 25, 2005 Findings.  Petitioner first objected "to the magistrate not taking into account the sworn under oath statement of the co-defendant, Christopher Grindele." *See* Objections at 1.  As the court granted Petitioner's motion to reconsider and recommitted this matter to the magistrate judge with instructions to consider the Grindele Affidavit as it related to certain of Petitioner's habeas claims (*see* Mem. Op. & Ord. at 5, Nov. 17, 2005), this objection is **overruled as moot**.

Petitioner's second objection to the May 25, 2005 Findings was to "the magistrate perpetuating the state's erroneous ruling that 'the police report narrative to Grindele's statement was inadmissible hearsay and could not have been relied on by the State.'" *See* Objections at 6 (quoting Findings at 7).  Petitioner's objection relates to his allegations of prosecutorial misconduct arising from Detective Sims's testimony at trial that there was no other evidence, other than Petitioner's testimony, that another individual (other than Petitioner and Grindele) was present at the time of the robbery. *See id.* at 6; *see also* Memorandum of Law in Support of § 2254 Petition for the Writ of Habeas Corpus at 22 ("Pet. Memo").  Petitioner contends that Detective Sims, when questioned by the prosecutor about the existence of any evidence uncovered in his investigation that corroborated Petitioner's claim that someone else was at the scene of the offense, failed to testify that Grindele,

in a confession, had told him that another individual named "Mike" was present at the time of the offense. The supplemental police report stated that "Grindele was interviewed and gave an oral confession to this and several other theft and burglary offenses. Grindele also stated that a guy named Mike was with him at the time of the offense." *See* Pet. Memo at 23. In rejecting Petitioner's prosecutorial misconduct claims regarding Detective Sims's testimony and the contents of the supplemental police report, the magistrate judge stated:

> As pointed out by the State in its response to Ott's state habeas applications and as relied on by the state courts in denying Ott state habeas relief, the police report narrative relative to Grindele's statement was inadmissible hearsay and could not have been relied on by the State. (1 State Habeas R. at 533, 556; 2 State Habeas R. at 511, 533).

Findings at 7. The court agrees with the magistrate judge. *See* Tex. R. Evid. 802. Moreover, as properly noted by the magistrate judge, Petitioner has not met his burden of proof that the State knowingly presented materially false evidence to the jury or allowed untrue testimony to go uncorrected. *See* Findings at 7. *See generally United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989) (omission of certain facts from reports and written statements of State's witness not adequate to put prosecution on notice of perjury or to establish perjury). Finally, Petitioner has failed to show that Detective Sims's testimony, had it included Grindele's statement that "a guy named Mike" was present at the time of the offense, was material, that is, that it "would have affected the outcome of the trial." *Giglio v. United States*, 405 U.S. 150, 153 (1972); *see also May v. Collins*, 955 F.2d 299, 315 (5th Cir.), *cert. denied*, 504 U.S. 901 (1992), *superseded by statute on other grounds as stated in Duncan v. Cockrell*, 2003 Wl 21545926 (5th Cir. July 3, 2003). This is especially true in light of the fact that Petitioner's version of the events, namely that Grindele and possibly someone else committed the offense, was before the fact-finder. *See Ott v. State*, Nos. 05-

00-01840-CR, 05-00-01841 (Tex. App.–Dallas 2002, pet. ref'd), 2002 WL 55551 at *2 (Jan. 16, 2002).  Accordingly, the court **overrules** Petitioner's objection.

### 2.      Objections to June 12, 2006 Findings

On June 26, 2006, Petitioner filed his objections to the June 12, 2006 Findings.  To the extent Petitioner makes objections to the May 25, 2005 Findings, or re-argues the same objections he already made (*see* June 3, 2005 Objections), the court **overrules** these objections as untimely.  *See* 28 U.S.C. § 636(b)(1).  The court will confine its analysis to Petitioner objections to the June 12, 2006 Findings.  In his objections, Petitioner contends that: (1) the magistrate judge failed to comply with the court's order to apply the Grindele Declaration to his actual innocence claim; (2) the magistrate judge failed to apply the Grindele Declaration to his mistaken identification claim; (3) the magistrate judge misconstrued the application of the Grindele Declaration to the prosecutorial misconduct claim; and (4) the magistrate judge improperly discarded Petitioner's *Brady* claim.  The court will address these objections in turn.

#### a.      Petitioner's First Objection

In his first objection, Ott claims that  the magistrate judge failed to comply with the court's order to apply the Grindele Declaration to his actual innocence claim.  This objection is **overruled**.

Prior to the clarifications set forth in Petitioner's July 28, 2005 Motion to Reconsider, which the court granted (*see* Order, Nov. 17, 2005), both the magistrate judge in his May 25, 2005 Findings, and this court in its memorandum opinion and order accepting the findings of the magistrate judge and overruling Petitioner's objections (*see* Mem. Op. & Ord.,  June 24, 2005), understood Petitioner to be claiming that he was submitting the Grindele Declaration only in support of his added claim of actual innocence.  Indeed, Petitioner submitted the Grindele Declaration as

**Memorandum Opinion and Order – Page 9**

Exhibit 4a to his "Submission of Evidence While Adding Our Innocence Claim." In recommitting this matter to the magistrate judge, with regard to Petitioner's actual innocence claim, the court stated that:

> [T]hough not explicitly referring to the Grindele Affidavit, the magistrate judge did consider *Petitioner's Submission of Evidence While Adding Our Innocence Claim* with regard to Petitioner's actual innocence claim, and summarily rejected the actual innocence claim. *See* Findings and Recommendation at 13 ("Actual innocence based on new evidence relevant to the guilt of a state prisoner is not cognizable on federal habeas corpus absent an independent constitutional violation occurring in the state trial.") (citations omitted).

*See* Mem. Op. & Ord. at 4 (Nov. 17, 2005). The magistrate judge found that Petitioner's "actual-innocence claim is not cognizable" on federal habeas corpus, but "properly raised in either the state habeas process or in the executive clemency process." *See* May 25, 2005 Findings at 13. The magistrate judge is correct. As stated by the Fifth Circuit, "it is the law of this circuit that the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Robinson v. Johnson*, 151 F.3d 256, 267 and n.7 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999) (citation omitted); *Jacobs v. Scott*, 31 F.3d 1319, 1324 (5th Cir. 1994), *cert. denied*, 513 U.S. 1067 (1995) (same); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir.), *cert. dismissed*, 524 U.S. 965 (1998) (same).[3] In *Bryant v. Scott*, 28 F.3d 1411, 1420 n.14 (5th Cir. 1994), the petitioner argued that the district court erred in refusing to grant relief on the

---

[3] The court notes that Petitioner has attached an affidavit to his Objections dated September 12, 2005 by John A. Pizer, and describes this new-found affidavit as "corroborating evidence." *See* June 26, 2006 Obj. and Exh. 3. The Pizer affidavit contains hearsay statements that Grindele would have exonerated Petitioner at trial. Petitioner has submitted no affidavit from Grindele that he would have testified at trial that Petitioner was not involved in the crimes. Moreover, to the extent Petitioner is relying on the Pizer affidavit as newly discovered evidence relevant to his guilt, it is not a ground for relief on federal habeas corpus. *See Robinson, supra*; *Jacobs, supra*; *Lucas, supra.*

**Memorandum Opinion and Order – Page 10**

basis of his actual innocence claim. The court held petitioner's actual innocence claim to be without merit, stating:

> In *Herrera v. Collins*, 954 F.2d 1029 (5th Cir. 1992), we considered whether two newly discovered affidavits supported petitioner's claim of actual innocence in a capital murder case. We held that it "is well established that claims of newly discovered evidence, casting doubt on the petitioner's guilt, are not cognizable in federal habeas corpus." *Id.* at 1034. The Supreme Court has affirmed our decision, stating that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief . . . ." *Herrera v. Collins*, [506 U.S. 390, 400] (1993).

*Id.* Petitioner's freestanding actual-innocence claim, which he attempts to support with the December 2, 2003 Grindele Declaration, is not cognizable as a ground for federal habeas relief. Thus, the magistrate judge did not err in failing to explicitly consider the Grindele Affidavit submitted in support thereof, or in failing to explicitly address the Grindele Declaration with regard to the actual innocence claim in his June 12, 2006 Findings. Accordingly, the court **overrules** this objection.

### b. Petitioner's Second Objection

Petitioner objects that the magistrate judge failed to apply the Grindele Declaration to his mistaken identification claim. In its November 17, 2005 order recommitting the matter to the magistrate judge, the court instructed the magistrate judge to consider the Declaration as it related to Petitioner's habeas claims of: (1) trial error in admitting an impermissibly suggestive photo lineup; (2) prosecutorial misconduct; (3) *Brady* violations; (4) ineffective assistance of counsel; and (5) actual innocence. *See* Mem. Op. & Ord. at 5 (Nov. 17, 2005). Any claim of mistaken identification was not a part of the court's order, and therefore would not have been before the magistrate judge. Any objection regarding his mistaken identification claim pertains to the

**Memorandum Opinion and Order – Page 11**

magistrate judge's May 25, 2005 Findings, and is therefore **overruled** as untimely under 28 U.S.C. § 636(b)(1).

### c.     Petitioner's Third Objection

Petitioner's third objection is that the magistrate judge misconstrued the application of the Grindele Declaration to the prosecutorial misconduct claim.  To reiterate, Petitioner claimed that the prosecutor had elicited perjured testimony from Officer Sims and that Officer Sims's police report included statements from Grindele suggesting that Petitioner was not involved in the crime. Specifically with regard to the Grindele Declaration, on recommittal the magistrate judge rejected Petitioner's contention that it bolstered his prosecutorial misconduct claim since Officer Sims and/or the prosecutor "could not have any knowledge of the Grindele declaration at the time of trial, since it was created after the trial concluded." *See* June 12, 2006 Findings at 3.  For this reason, and for the reasons stated in his May 25, 2005 Findings, the magistrate judge recommended that this claim be denied. *Id.*  Petitioner's objections to the magistrate judge's handling of the prosecutorial misconduct claim relate to his May 25, 2005 Findings (*see* Obj. at 3-5), and are therefore **overruled as untimely** under 28 U.S.C. § 636(b)(1).  To the extent Petitioner even argues about the magistrate judge's finding that the prosecutor and Officer Sims "could not have any knowledge of the Grindele declaration at the time of trial, since it was created after the trial concluded," such objections are **overruled**, as the chronology of the case speaks for itself.  Petitioner cannot dispute that the Grindele Declaration was not available until years after the trial.

### d.     Petitioner's Fourth Objection

Petitioner's fourth objection is that magistrate judge improperly discarded Petitioner's *Brady* claim.  As to Petitioner's claims that the prosecution violated *Brady* by suppressing Grindele's

statements contained in a police report, the magistrate judge explained that the Grindele Declaration was not discussed in his May 25, 2005 Findings because Petitioner did not claim that the Grindele declaration was suppressed and the declaration was not in existence at the time of trial. *Id.* For those reasons, and for the reasons stated in his May 25, 2005 Findings, the magistrate judge recommended that this claim be denied. Once again, Petitioner's objections to the magistrate judge's handling of the *Brady* claim relate to the May 25, 2005 Findings (*see* Obj. at 5-6), and are therefore **overruled as untimely** under 28 U.S.C. § 636(b)(1). Insofar as Petitioner's objection can even be construed as an objection to the June 12, 2006 Findings, the magistrate judge is correct that Petitioner did not claim that the Grindele declaration was suppressed and the Declaration was not in existence at the time of trial. Accordingly, the objection is **overruled** on the merits, as well.

## IV. Conclusion

Having reviewed the pleadings, file and record in this case, the May 25, 2005 Findings, Conclusions and Recommendation of the United States Magistrate Judge, the June 12, 2006 Supplemental Findings, Conclusions and Recommendation of the United States Magistrate Judge, and having made an independent review of Petitioner's objections to both sets of findings, the court determines that the May 25, 2005 findings and conclusions and the June 12, 2006 findings and conclusions are correct. The magistrate judge's findings and conclusions are **accepted** as those of

the court, and Petitioner's objections are **overruled**. Accordingly, Petitioner's petition for writ of habeas corpus is hereby **denied**, and this action is **dismissed with prejudice**.

**It is so ordered** this 19th day of July, 2006.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge